UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GORDON ERUCHALU,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:15-CV-946 JCM<br><br>ORDER |

Presently before the court is *pro se* appellant Godson Eruchalu's ("appellant") motion for a temporary restraining order. (Doc. # 9).

**I.　　Background**

This case is an appeal of the bankruptcy court order dismissing appellant's complaint. Appellant seeks a temporary restraining order to halt the sale of his real property, scheduled for June 12, 2015, at 9:00 am. (Doc. # 9).

On March 1, 2014, appellant filed a Chapter 13 bankruptcy proceeding. In that action, appellant listed appellee US Bank ("US Bank") as the secured creditor regarding a loan secured by his property. The Chapter 13 bankruptcy case was dismissed in October 2014, for failure to meet plan requirements. The case was closed in December 2014. (Doc. # 9).

Meanwhile, on July 22, 2014, appellant commenced an adversary proceeding, which is the subject of this appeal. Appellant brought the action against appellees to determine the validity of a lien on appellant's property. (Doc. # 9).

US Bank filed a motion to dismiss the adversary proceeding on August 21, 2014. On April 15, 2015, appellee National Default Servicing Corporation ("NDSC") filed a notice of sale scheduling a foreclosure sale on appellant's property. (Doc. # 9).

**James C. Mahan**
**U.S. District Judge**

On May 1, 2015, the bankruptcy court held a hearing and issued an oral ruling granting US Bank's motion to dismiss. On May 5, 2015, the bankruptcy court entered a written order granting the motion and dismissing appellant's adversary complaint with prejudice. (Doc. # 9).

On May 18, 2015, appellant filed a notice of appeal. On May 20, 2015, the bankruptcy court issued an order reopening appellant's Chapter 13 bankruptcy case for administrative purposes, on the grounds that an adversary case is still open. (Doc. # 9).

On June 1, 2015, US Bank filed a motion seeking confirmation that no automatic stay is in effect. On the same date, the bankruptcy court filed a notice of hearing on the motion, setting a hearing for July 9, 2015. (Doc. # 9).

On June 5, 2015, appellant filed the instant motion for a temporary restraining order. On June 8, 2015, appellant filed an exhibit including a "property securitization analysis report." (Doc. # 11).

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65.

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coal. of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not

James C. Mahan
U.S. District Judge

granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

### III.  Discussion

As an initial matter, the court recognizes that appellant has filed the instant motion for temporary restraining order *pro se*. Therefore, plaintiff's motion must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Appellant first asks the court to take judicial notice of certain evidentiary rules, statutes, and case law in considering his motion. (Doc. # 9). The court finds that appellant's request is unnecessary. The court will always consider any relevant law in ruling on an issue. However, the sources cited by appellant are not relevant to the court's determination here. Accordingly, appellant's requests for judicial notice will be denied.

Having reviewed appellant's motion and the attached exhibits, the court finds that appellant is not entitled to a temporary restraining order. Appellant does not address the factors that the court must consider in ruling on the instant motion, and he has failed to show a likelihood of success on the merits of his claims.

Appellant claims that he never executed the deed of trust with appellees, that the appraisal utilized for his loan was deficient, and that appellees have engaged in fraudulent assignments to foreclose on the property. However, in the instant motion, appellant fails to substantiate his claims in any way. The bankruptcy court heard these issues and dismissed appellant's claims. (Doc. # 9).

Appellant does not substantiate his claims that the bankruptcy court erred in granting appellees' motion to dismiss. To the contrary, appellant attaches documents to the instant motion that appear to support dismissal of his allegations. Specifically, appellant provides documentation evidencing delinquency on his loan payments such that foreclosure would be warranted. (Doc. # 9).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Even construing appellant's motion liberally, appellant falls far short of making the requisite showing of a likelihood of success on the merits. The court therefore finds that a temporary restraining order to enjoin the pending foreclosure sale is not warranted in this case.[1]

Appellant takes issue with the fact that the bankruptcy court reopened his chapter 13 proceedings, because appellant is now unable to commence a new chapter 13 case to trigger an automatic stay. As appellant notes, US Bank recently filed a motion to clarify whether a stay is in effect in light of the fact that appellant's chapter 13 case was reopened. The bankruptcy court has set this issue for a hearing, although the hearing is currently scheduled to occur after the foreclosure sale date. (Doc. # 9).

Whether the pending foreclosure sale may be stayed is a separate issue from appellant's entitlement to a temporary restraining order. As previously stated, the court finds that appellant's motion does not provide grounds for a temporary restraining order in this case. To the extent that appellant seeks a decision on the issue of a stay before the pending foreclosure sale, appellant should request such relief from the bankruptcy court.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant's motion for a temporary restraining order, (doc. # 9), be, and the same hereby is, DENIED without prejudice.

DATED June 9, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, it appears that appellant has not complied with Federal Rule of Bankruptcy Procedure 8007, which requires that "a party must move first in the bankruptcy court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending . . . ." Fed. R. Bankr. P. 8007(a)(1)(C). If a party makes such a motion in the district court, it must show why it did not seek the same relief from the bankruptcy judge. *See* Fed. R. Bankr. P. 8007(b)(2). Appellant fails to do so here. The instant motion is therefore also appropriately denied on this basis.

**James C. Mahan**
**U.S. District Judge**

- 4 -