UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GORDON ERUCHALU,

Plaintiff(s),

v.

US BANK NATIONAL ASSOCIATION, et al.,

Defendant(s).

Case No. 2:15-CV-946 JCM

ORDER

Presently before the court is appellee First Option Mortgage's (hereinafter "appellee") motion seeking determination of validity of election on appeal.[1]  (Doc. # 4).  *Pro se* appellant Godson Eruchalu (hereinafter "appellant") did not file a response, and the deadline to respond has now passed.[2]

In its motion, appellee suggests that the instant appeal was filed with this court in error. Appellee notes that on May 18, 2015, appellant filed a document entitled, "Notice of Statement of Election for Appeal U.S. Bankruptcy Appellate Panel of the 9th Circuit," in his adversary case before the bankruptcy court.  Appellee attaches the referenced document to its motion, and asks the court to "transfer the instant appeal to the United States Bankruptcy Appellate Panel of the 9th Circuit."  (Doc. # 4).

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 8005(c), "[a] party seeking a determination of the validity of an election [to have an appeal heard by the district court] must file a motion in the court where the appeal is then pending . . . within 14 days after the statement of election is filed." Fed. R. Bankr. P. 8005(c).  Appellee's motion was timely filed.

[2] The court wishes to note that appellant's "substitution of statement of election for appeal," (doc. # 10), responds to appellee's motion in substance.  Accordingly, the court will discuss this filing in ruling on the motion.

**James C. Mahan**
**U.S. District Judge**

On May 20, 2015, appellant filed his notice of appeal with this court. (Doc. # 1). Since the date of filing of appellee's motion, appellant has filed his designation of record on appeal, statement of issues on appeal, and other documents with this court. (Docs. # 5, 6). Further, on June 5, 2015, appellant filed a "substitution of statement of election for appeal," indicating that he intended this court to hear his appeal. (Doc. # 10).

In that document, appellant notes that he previously misunderstood the protocol for bankruptcy appeals, believing that "*All* Bankruptcy Appeals are to be forwarded to the BAP for administrative processing before being redirected to the Honorable District court for Appeal hearing." (Doc. # 10) (emphasis in original).

Appellant explains that "Appellant's real intention was to have his Appeal heard by the Honorable United States District Court for the District of Southern Nevada, pursuant to 28 U.S.C. 158(c)(1)(A)." Appellant therefore notes that his earlier statement of election was erroneously filed, insofar as it referenced the bankruptcy appellate panel ("BAP"). (Doc. # 10).

28 U.S.C. § 158(c)(1)(A) gives appellant the right to elect to have his appeal heard by a district court, rather than the BAP. The appellant must make this election "at the time of filing the appeal." 28 U.S.C. § 158(c)(1)(A). Further, Federal Rule of Bankruptcy Procedure 8005 requires that a party electing to have an appeal heard by the district court "file a statement of election that conforms substantially to the appropriate Official Form . . . ." Fed. R. Bankr. P. 8005(a)(1).

While some of appellant's court filings regarding his appeal erroneously referenced the BAP, appellant properly filed a statement of election at the time of filing the appeal, as well as a notice of appeal with this court. (Doc. # 1). Further, after appellee filed the instant motion, appellant filed his "substitution of statement of election for appeal," clarifying any ambiguity as to his elected forum for appeal. (Doc. # 10).

Notably, *pro se* filings must be held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). Based on the foregoing, the court finds that plaintiff intended to file his appeal with the district court. Any error on plaintiff's part appears to have been *de minimis* and has now been corrected.

**James C. Mahan**
**U.S. District Judge**

The court will therefore grant appellee's motion to the extent it seeks a determination of the validity of appellant's election on appeal. However, the court will deny appellee's request to transfer the instant appeal to the BAP. The court finds that appellant's election to have the district court hear his appeal is valid.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellee's motion seeking determination of validity of election on appeal, (doc. # 4), be, and the same hereby is, GRANTED to the extent that it seeks a determination of the validity of appellant's election on appeal, but DENIED insofar as it requests that the court transfer the instant appeal to the BAP.

DATED July 7, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -