1
2
3                      UNITED STATES DISTRICT COURT
4                            DISTRICT OF NEVADA
5                                    * * *
6   GODSON ERUCHALU,                        Case No. 2:15-cv-00946-JCM
7                          Appellant,                    ORDER
8          v.
9   US BANK NATIONAL ASSOCIATION, et
    al.,
10
                           Appellees.
11

12          Presently before the court is the bankruptcy appeal of *Eruchalu v. US Bank National*
13   *Association et al.*, case number 14-01117-abl. *Pro se* debtor-appellant Godson Eruchalu
14   ("appellant") filed an opening brief. (Doc. # 22). Appellees U.S. Bank National Association ("U.S.
15   Bank"), U.S. Bank Home Mortgage ("BHM") and Mortgage Electronic Registration Systems, Inc.
16   ("MERS") (collectively "appellees") filed an answering brief in opposition. (Doc. # 25). Appellant
17   filed a reply brief. (Doc. # 30).

18   **I.      Background**

19          This matter involves the appeal of a bankruptcy court order dismissing an adversary
20   proceeding based on res judicata. (Doc. # 25 at 15). Appellant Godson Eruchalu claims that
21   appellees lack standing to foreclose on a mortgage loan secured by his real property located at
22   7730 Jones Boulevard, Las Vegas, Nevada 89131 ("the property"). (*Id.*).

23          The factual and procedural history of the case is extensive. Appellant is proceeding *pro se*
24   and provides almost no background in his opening brief. Accordingly, the court must rely largely
25   on the facts and supporting exhibits submitted with appellees' answering brief.

26          On July 17, 2012, appellant commenced an action ("2012 case") in the U.S. District Court
27   for the District of Nevada (no. 2:12-cv-01264-RFB-VCF), challenging U.S. Bank's attempts to
28   foreclose on the property. (Doc. # 25 at 10). Additionally, appellant has filed multiple motions for

injunctive relief seeking a stay of foreclosure on the property, all of which have been denied. (*Id.* at 10–11). Appellant currently has an appeal pending before the U.S. Court of Appeals for the Ninth Circuit regarding these denials (no. 14-15102). (*Id.*) The court dismissed five of appellant's causes of action on June 6, 2013 (*See* 12-cv-01264, June 6, 2013 Order, Dkt. # 52). After appellant filed an amended complaint, the court dismissed an additional six causes of action on December 17, 2013. (*See* 12-cv-01264, December 17, 2013 Order, Dkt. #99). Appellant still has several remaining causes of action pending against defendants in the 2012 case.

On February 7, 2014, appellant commenced a second case in the Eighth Judicial District Court, Clark County, Nevada (no. A-12-695841-C), again unsuccessfully seeking to avoid foreclosure of the property. (*Id.* at 11).

### A. The underlying bankruptcy case

On March 1, 2014, appellant filed a Chapter 13 voluntary bankruptcy petition in the U.S. Bankruptcy Court for the District of Nevada (no. 14-01117-abl). (*Id.* at 12). In that action, appellant listed appellee U.S. Bank as the secured creditor regarding the loan secured by his property. (*Id.*) On December 31, 2014, the bankruptcy court dismissed the underlying bankruptcy case after finding that appellant had failed to make plan payments. (*Id.* at 13). Therefore, confirmation of his plan was denied. (*Id.*).

### B. Eruchalu's instant case

On July 22, 2014, appellant, filing *pro se*, commenced an adversary case to determine the validity of the lien on appellant's property. (*Id.* at 12). Appellee U.S. Bank filed a motion to dismiss the adversary proceeding on August 21, 2014. (*Id.* at 13).

On May 1, 2015, the bankruptcy court held a hearing and issued an oral ruling granting U.S. Bank's motion to dismiss. (Doc. # 25 at 14). On May 5, 2015, the bankruptcy court entered a written order granting the motion and dismissing appellant's adversary complaint with prejudice. (*Id.*). The bankruptcy court dismissed appellant's adversary complaint because it was duplicative of appellant's 2012 case, which is still proceeding in the U.S. District Court for the District of Nevada (no. 2:12-cv-01264-RFB-VCF). (Doc. # 28-8 at 20). The instant appeal followed on May 18, 2015. (Doc. # 25 at 14*).

Appellant then filed yet another motion for injunctive relief with the bankruptcy court seeking to stay foreclosure proceedings pending the instant appeal. (Doc. #25 at 15). Appellant's motion was denied, and appellant once again appealed the bankruptcy court's denial to the U.S. District Court for the District of Nevada (no. 15-01266-RFB) on July 6, 2015. (*Id.*).

**II.      Legal standard**

Under title 28 U.S.C. section 158(a), a district court has jurisdiction to hear appeals "from final judgments, orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). The district court reviews a bankruptcy court's conclusions of law *de novo*. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The district court reviews the bankruptcy court's findings of fact for clear error. *Id.* The court must accept the bankruptcy court's findings of fact "unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Id.* The bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *In re Kim*, 130 F.3d 863, 865 (9th Cir. 1997).

**III.     Discussion**

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *cert. denied*, 552 U.S. 1076 (2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 at 904 (2008) (*quoting Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)).

**A.      Claim preclusion**

The doctrine of res judicata, or claim preclusion, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Claim preclusion applies when "the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 278 F.3d 896, 900 (9th Cir. 2002).

/ / /

3

Appellant's 2012 case, which is still pending in the U.S. District Court for the District of Nevada, involves the same claim or causes of action and is against the same parties as the instant adversary complaint. Several of the appellant's claims in the adversary proceeding are barred by the doctrine of res judicata because they have already been adjudicated in the appellant's 2012 case. *See Sidhu*, 279 F.3d at 900. Specifically, appellant's claims for slander of title, quiet title, and for violations of TILA (15 U.S.C. § 1641(g)) were all dismissed by the court on June 6, 2013. (*See* 12-cv-01264, June 6, 2013 Order, Dkt. # 52). Furthermore, appellant's claims under RESPA (12 U.S.C. § 2601, et seq.) were also dismissed by the court on December 17, 2013. (*See* 12-cv-01264, December 17, 2013 Order, Dkt. #99).

These judgments in the 2012 case are final and valid, and the parties from appellant's 2012 case and the adversary case are identical. Accordingly, the court finds that the bankruptcy court properly held that appellant's claims for slander of title, quiet title, violations of TILA (15 U.S.C. § 1641(g)), and claims under RESPA (12 U.S.C. § 2601, et seq.) are barred by the doctrine of res judicata.

## B.    Duplicative case

In the instant matter, the bankruptcy court dismissed the remainder of appellant's adversary complaint because that court found that it was duplicative of the remaining claims still pending in appellant's 2012 case. Therefore, the relevant inquiry is whether the claims in appellant's adversary complaint differ from those brought in the complaint in his 2012 case. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).

The Ninth Circuit examines the following criteria when determining whether successive lawsuits contain the same causes of action:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 1201–02 (*quoting Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). The factual basis of the claims is the most important factor. *Harris*, 621 F.2d at 343.

/ / /

As the bankruptcy court correctly recognized, allowing the appellant's adversary case to proceed would negatively impact appellant's 2012 case. (*See* Doc. # 28-8 at 21). Allowing the adversary case to proceed on the same issues present in the 2012 case risks inconsistent results and places undue burden on the judicial system.

The second prong of the *Harris* test is met because adjudicating both cases would require the same evidence, as both cases revolve around the purchase and financing of appellant's property. Finally, it is clear that the complaints in appellant's 2012 case and his adversary case stem from the same set of facts. Both cases challenge the validity of appellee U.S. Bank's lien on appellant's property, and both seek to quiet title from appellee U.S. Bank's lien on the property. Therefore, both the third and fourth factors of the *Harris* test are met.

Accordingly, the bankruptcy court properly dismissed appellant's adversary complaint because it is duplicative of the complaint filed in his 2012 case.

**IV.    Conclusion**

This court finds that appellee's later-filed adversary complaint is duplicative of his previously-filed complaint in the U.S. District Court for the District of Nevada. Therefore, the bankruptcy court did not err in dismissing Eruchalu's later-filed adversary complaint with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the ruling of the bankruptcy court in, and the same hereby is, AFFIRMED, consistent with the foregoing.

DATED THIS 5th day of November, 2015.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE